UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

NORTHERN DIVISION

| | |
|---|---|
| KEVIN JAMES BURTON,<br>D.O.C. NUMBER: 1323706<br><br>    PRO SE PETIONER/PLAINTIFF<br><br>v.<br><br>BRYCE E. HIGHTOWER,<br>CORRECTIONAL OFFICER,<br>BADGE NUMBER: E0147691,<br>    INDIVIDUAL CAPACITY;<br><br>INVESTIGATOR JOHNSON,<br>(IIO) D.O.C. OFFICER<br>BADGE NUMBER: UNKNOWN,<br>    INDIVIDUAL CAPACITY; | )<br>)<br>)<br>) CASE NO._____<br>)<br>)<br>) PRISONERS CIVIL RIGHTS COMPLAINT<br>)<br>)    UNDER 42 U.S.C. §1983<br>)<br>)<br>)<br>)<br>) (PLAINTIFF REQUESTS TRIAL BY JURY)<br>) |

PLEASE BE ADVISED that now comes <u>KEVIN JAMES BURTON, D.O.C. NUMBER: 1323706,</u>

and hereby files his CIVIL RIGHTS COMPLAINT under 42 U.S.C. §1983.

## JURISDICTION AND VENUE

This is a CIVIL ACTION authorized by 42 U.S.C. §1983, under the COLOR OF

STATE LAW, of RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES OF AMERICA.

This HONORABLE UNITED STATES DISTRICT COURT has [SUBJECT MATTER JURISDICTION]

under 28 U.S.C. §1331 and §1343(a)(3).

PRO SE PLAINTIFF seeks DECLATORY RELIEF pursuant to 28 U.S.C. §2201 and

§2202.

PRO SE PLAINTIFF claims for ALL INJUNCTIVE RELIEF as are authorized under

28 U.S.C. §2283 and §2284, and RULE 65 of the FEDERAL RULES OF CIVIL PROCEDURE.

THE UNITED STATES DISTRICT COURT, EASTERN DIVISION OF MISSOURI is the

[APPROPRIATE VENUE] under 28 U.S.C. §1391(b)(2) because it is where PRO SE PRISONER

is held incustody upon that filing of this CLAIM. RANDOLPH COUNTY.

## THE PARTIES TO THIS CIVIL ACTION §1983

PRO SE PLAINTIFF:

NAME: KEVIN JAMES BURTON

D.O.C. NUMBER: 1323706

CURRENT INSTITUTION: MOBERLY CORRECTIONAL CENTER
5201 S. MORLEY STREET
MOBERLY, MISSOURI      65270

PRISONER STATUS: _____


THE DEFENDANT'S:

DEFENDANT 1 -

BRYCE E. HIGHTOWER
CORRECTIONAL SECURITY OFFICER
BADGE NO.:E0147691
EMPLOYER: STATE OF MISSOURI
ADDRESS: MISSOURI DEPARTMENT OF CORRECTIONS
OZARK CORRECTIONAL CENTER (OCC)
929 HONOR CAMP LANE
FORDLAND, MISSOURI           65652

**INDIVIDUAL CAPACITY**


DEFENDANT 2 -

INVESTIGATOR JOHNSON
(110) D.O.C. OFFICER
BADGE NUMBER: UNKNOWN
EMPLOYER: STATE OF MISSOURI
ADDRESS: MISSOURI DEPARTMENT OF CORRECTIONS
OZARK CORRECTIONAL CENTER (OCC)
929 HONOR CAMP LANE
FORDLAND, MISSOURI           65652

**INDIVIDUAL CAPACITY**

---

DEFENDANT 1 - THIS OFFICER IS THE ORIGINAL AUTHOR OF **CDV-OCC 25-00113**, POSSESSION
OF A CONTROLLED SUBSTANCE, D.O.C. CODE §11.1.


DEFENDANT 2 - THIS OFFICER IS THE TESTER - THAT GAVE THE FALSE POSITIVE TESTING
OF THE PIECE OF PAPER THAT RESULTED IN THE FRAUDULENT TESTING METHOD.

PRO SE PLAINTIFF, KEVIN JAMES BURTON
INFORMATION FOR THE RECORD

PLACE OF DETENTION: MOBERLY CORRECTIONAL CENTER
5201 S. Morley Street
Moberly, MISSOURI    65270

NAME AND LOCATION OF COURT INWHICH IMPOSED SENTENCE:

29TH JUDICIAL CIRCUIT COURT
JASPER COUNTY COURTHOUSE
633 S. Pearl AVENUE
JOPLIN, MISSOURI    64801

THE CASE NUMBERS, AND THE OFFENSE(S) FOR WHICH SENTENCE(S) WERE IMPOSED:

18AO-CR00569-01, RECIEVING STOLEN PROPERTY, R.S.Mo. §570.030
18AO-CR01014-01, TAMPERING W. MOTOR VEHICLE, FIRST DEGREE, R.S.Mo. §569.080
17AO-CR00573-01, TAMPERING W. MOTOR VEHICLE, FIRST DEGREE, R.S.Mo. §569.080
17AO-CR00865-01, STEALING MOTOR VEHICLE/WATERCRAFT/AIRCRAFT, R.S.Mo. §570.030

| SENTENCE DATE(s): | | |
|---|---|---|
| 10/03/2018 | 18AO-CR00569-01 | 7 YEARS |
| 10/03/2018 | 18AO-CR01014-01 | 7 YEARS |
| 10/03/2018 | 17AO-CR00573-01 | 7 YEARS |
| 10/03/2018 | 17AO-CR00865-01 | 7 YEARS |

SENTENCE TERMS:    18AO-CR00569-01    RECIEVING STOLEN PROPERTY, R.S.Mo. §570.030
7 YEARS (MAX REL. DATE: 01/29/2026) ACTIVE
18AO-CR01014-01    TAMPERING W. MOTOR VEHICLE, FIRST DEGREE,
7 YEARS (MAX REL. DATE: 01/31/2026) ACTIVE
17AO-CR00573-01    TAMPERING W. MOTOR VEHICLE, FIRST DEGREE,
7 YEARS (MAX REL. DATE: 01/23/2033) FUTURE
17AO-CR00865-01    STEALING MOTOR VEHICLE/WATERCRAFT/AIRCRAFT,
7 YEARS (MAX REL. DATE: 12/26/2032) FUTURE

FINDING OF GUILTY WAS MADE: UPON A PLEA AGREEMENT
(AFTER A PLEA OF 'NOT GUILTY')

DID YOU APPEAL FROM THE JUDGMENT OF CONVICTION:    NO

THE DATE UPON WHICH YOU WERE RECIEVED IN THE MISSOURI DEPARTMENT OF CORRECTIONS:
08/09/2019

//
//
//
//
//
//.

PRO SE PLAINTIFF'S/PRISONERS:

LIBERAL CONSTRUE: ANALYSIS - SINCE PLAINTIFF IS PROCEEDING "PRO SE", THE COURT IS OBLIGATED TO CONSIDER THE CONTENT OF THE PROPOSED COMPLAINT PUSUANT TO 'LESS STRINGENT STANDARDS' THAN MIGHT OTHERWISE APPLY. ESTELLE v. GAMBLE, 429 U.S. 97. **FEDERAL PLEADING IS [NOTICE PLEADING ONLY]**. PRO SE COMPLAINTS ARE HELD - LESS STRINGENT STANDARDS - THAN MIGHT [FORMAL PLEADINGS] DRAFTED BY LAWYERS. THEREFORE, "IF the essence of an allegation is discernable, even though it is not pleaded with LEGAL NICETY, then the COURTS should 'CONSTRUE' the complaint in a way that permits **- THE LAY PERSONS CLAIMS -** to be considered within the proposed PAPERWORK, within the [PROPER LEGAL FRAMEWORK].

## STATEMENT OF FACTS

1) On 01/21/2025 CORRECTIONAL OFFICER, BRYCE E. HIGHTOWER, BADGE NUMBER: E0147691, [FALSELY] AUTHORED A **CONDUCT VIOLATION REPORT for POSSESSION OF A CONTROLLED SUBSTANCE: D.O.C. DISCIPLANARY VIOLATION §11.1;**

2) CORRECTIONAL OFFICER, INVESTIGATOR JOHNSON, tested the paper and said that it had tested positive for [**AMPHETAMINES/OPIATES**];

3) FACTUAL STATEMENT OF TRUE ACTUAL CONDUCT: OFFICER'S REPORT stated that while he was doing a SECURITY HOUSING UNT CHECK, HOUSING UNIT 2, A-WING, he observed something in KEVIN BURTONS HAND;

4) Mr. Burton states that: "While at OZARK CORRECTIONAL, an incident occured when - Sgt. HIGHTOWER saw me picking up a piece of paper (TRASH) to be disposed of, then asked me to hand it to him. TWO HOURS LATER, after the incident, the OFFICER, Sgt. HIGHTOWER returns back to me and WRITES A FALSE [CONDUCT VIOLATION REPORT] for POSSESSION OF A CONTROLLED SUBSTANCE, §11.1 VIOLATION, and he told me that: THE TRASH PIECE OF PAPER - TESTED POSITIVE FOR **AMPHETAMINES/OPIATES;**

5) OFFICER HIGHTOWER hereby FALSELY wrote a CONDUCT VIOLATION that should not have implicated me in any wrong doing. HIGHTOWER saw me pick the PIECE OF PAPER up off the FLOOR, and was proceeding to the GARBAGE to dispose of it. But chose to FALSELY ACCUSE me of POSSESSION OF A CONTROLLED SUBSTANCE;

CLAIMS RAISED

CLAIM ONE: That Officer BRYCE E. HIGHTOWER did in fact write a FRAUDULENT CONDUCT VIOLATION REPORT, based upon FALSE INFORMATION, and did infact KNOWINGLY violate THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION.

ARGUMENT: CORRECTIONAL OFFICER BRYCE E. HIGHTOWER maliciously, with FRAUDULENT INTENT, did trick, under false pretenses, to have INMATE - KEVIN BURTON, hand him a piece of GARBAGE, that OFFICER HIGHTOWER observed BURTON pick up off the floor (to dispose of in the garbage), and took the PIECE OF PAPER to be tested for DRUGS. Mr. Burton was only being SANITARY and picking up garbage. But OFFICER HIGHTOWER did in fact violate Burton's SANITARY RIGHTS, by filing FRAUDULENT CDV so that ACTIONS can jeopardize BURTON'S right to REHABILITATION, that caused DETRIMENT TOWARDS his RELEASE DATE from prison.

CLAIM TWO: CORRECTIONAL OFFICER, INVESTIGATOR JOHNSON, did in fact take a PIECE GARBAGE that KEVIN BURTON found on the floor, to be disposed of in the garbage, and did KNOWINGLY, and maliciously (WITH FRAUDULENT INTENT) tested a piece of GARBAGE, and did find that PIECE OF GARBAGE tested positive for DRUGS.

ARGUMENT: All actions of CORRECTIONAL OFFICER, INVESTIGATOR JOHNSON, was to maliciously violate Mr. BURTON'S 14TH AMENDMENT RIGHT of PROCEDURAL DUE PROCESS of the Law. Unlawful actions of OFFICER was to inhibit, THROUGH DETRIMENT, BURTON'S RIGHT TO REHABILITATION (WHEN Mr. BURTON PLEAD GUILTY IN COURT: SANTOBELLO v. NEW YORK, 404 U.S. 257 [LED HN 4] "His guilty plea enhanced his REHABILITATIVE prospects when he was ultimately imprisoned."). Actions of the INVESTIGATING OFFICER to put his rehabilitation in JEOPARDY - and DENY HIS EARLY RELEASE violates terms of GUILTY PLEA, and can establish terms under BREACH OF CONTRACT for violating SUPREME COURT RULINGS.

NOTE: Mr. Burton's ACTIONS were only in coinciding with POLICY STATEMENT - 1S8-96.1, ALSO to prevent ACTS WHICH CREATES A HAZARDOUS HYGIENIC CONDITION - OFFENDER RULE BOOK, pg 27 §32.4, in doing the RIGHT THING by keeping his place and surrounding free from TRASH and DEBRIS, SANITATION. But instead, was given a CDV for doing what is LAWFUL by DEPARTMENT OF CORRECTIONS STANDARDS.

## STATEMENT OF INJURIES

All INJURIES hereby come from the violations of PLAINTIFF'S right's to be protected under REHABILITATION (DUE PROCESS OF THE 14TH AMENDMENT - UNITED STATES CONSTITUTION), EXCESSIVE PUNISHMENT (8TH AMENDMENT - UNITED STATES CONSTITUTION), CRUEL AND UNUSUAL PUNISHMENT (8TH AMENDMENT - UNITED STATES CONSTITUTION), and BREACH OF GUILTY PLEA (PUCKET v. UNITED STATES, 556 U.S. 129, (2009)). In SANTOBELLO, THE UNITED STATES SUPREME COURT HELD: "Automatic reversal is warranted when OBJECTION to the [STATE OF MISSOURI] BREACH OF AN AGREEMENT has been preserved *** upon policy interests in establishing the trust between DEFENDANT and the [STATE OF MISSOURI] that is necessary to sustain [GUILTY PLEA]. AD LIB.. 92 S.Ct. 495 (LED HN [4]): (4) *** "It enhances whatever may be the REHABILITATIVE PROSPECTS of the guilty when they are ULTIMATELY IMPRISONED."

1) **REHABILITATION:** Correctional Officer, BRYCE E. HIGHTOWER, BREACHED THE STATE OF MISSOURI'S [SUSTAIN OF: GUILTY PLEA] - upon STATE EMPLOYEE - FAILED PRESERVE OF GUILTY PLEA OF Mr. BURTON's GUILTY PLEA - TO ALL REHABILITATIVE PROSPECTS - NOW THAT HE IS IMPRISONED: By establishing actions of PROCEDURAL DUE PROCESS COERCION (TRICKERY) that has taken actions, detrimental towards REHABILITATION, of WRITING CDV REPORT upon asking that Mr.Burton hand him a piece of TRASH (PAPER) that was lying on the floor: Then writing him up in an 'illegal finding' that said paper tested positive for DRUG RESIDUE; All actions of this nature are MALICIOUS, and with EVIL INTENT to cause excessive harm to Mr. Burton's PAROLE DATE, RESTRAINT FROM LIBERTY, and any access to PROGRAM REHABILITATION to better himself when considered his eventual return to SOCIETY;

2) **PROCEDURAL DUE PROCESS:** Correctional Officer, INVESTIGATOR JOHNSON, Established the [SABOTAGE] Mr. Burton's REHABILITATION AGREEMENT (UPON GUILTY PLEA OF ESTABLISHED ORIGINAL PRISON SENTENCE) Necessary to SUSTAIN GUILTY PLEA by FRAUDULENTLY testing a piece of paper, that HIGHTOWER brought to him to be tested, upon MALICIOUS INTENT [EVIL INTENT]; when HIGHTOWER seen Mr Burton pick the piece of TRASH (PAPER) up off the floor to dispose of in the GARBAGE CAN; The ACTIONS of JOHNSON hereby establishes that **ENHANCED REHABILITATIV PROSPECTS - of Mr. Burton - has been breached by the STATE OF MISSOURI, THROUGH STATE EMPLOYEE EVIL INTENT;**

3) **EXCESSIVE PUNISHMENT**: Actions of CDV that has been AUTHORED by CORRECTIONAL OFFICER HIGHTOWER, through MALICIOUS INTENT (EVIL INTENT) that has SABOTAGED any REHABILITATIVE PROSPECTS of Mr. Burton, violates THE 8TH AMENDMENT'S PROTECTION AGAINST - EXCESSIVE PUNISHMENT; Because of EVIL INTENT by THE CORRECTIONAL OFFICER, after he observed Mr. Burton pick the piece of trash up off the floor; OFFICER'S ACTIONS was to cause excessive HARM in Mr. Burton's RIGHT TO LIBERTY;

4) **CRUEL AND UNUSUAL PUNISHMENT**: Actions of OFFICER'S, HIGHTOWER and JOHNSON in the MALICIOUS INTENT (EVIL INTENT), to SABOTAGE rehabilitation of Mr. Burton, extends to CRUEL AND UNUSUAL PUNISHMENTS; Mr. Burton, because of EVIL INTENT ACTIONS of Correctional Officers of THE STATE OF MISSOURI, hereby bars Mr. BURTON with the ability to - 1) GET A PREMIUM PAY JOB (WHILE HE IS INCARCERATED); 2) Take certain REHABILITATION PROGRAMS for SELF-HELP, or DRUG TREATMENT, in his thrive to become a POSITIVE CONTRIBUTE to Society (INSTEAD OF RECITIVISM); 3) RETURN TO SOCIETY, UPON SUPERVISION (PAROLE ELIGIBILITY) so that he can continue on whith his life, and become a great POSITIVE IMPACT upon SOCIETY; by moving on from INCARCERATION with FAMILY, FRIENDS, and COMMUNITY; 4) EXTENDING HIS STAY in a CRIMINAL ENVIRONMENT that spawns the elements of RECITIVISM, that breeds EVIL ACTIONS OF OFFENDERS, INSTITUTIONALISM. Actions of Officers takes away those rights and continues Mr. Burton of continued life of MALICIOUS INCARCERATION;

5) **BREACH OF GUILTY PLEA - BY STATE OF MISSOURI, IT'S EMPLOYEES, STAFF, AND/OR OFFICER'S**: "AUTOMATIC REVERSAL IS WARRANTED" because THE STATE OF MISSOURI BREACHED CONDITIONS OF REHABILITATION, as set forth in PUCKET, SUPRA, and SANTOBELLO, SUPRA, when it comes to the NECESSARY TERMS TO [SUSTAIN GUILTY PLEA] of Mr. BURTON. EVIL INTENT ACTIONS have jeopardized Mr. Burton's right to REHABILITATIVE STANDARDS as protected by THE UNITED STATES SUPREME COURT under SANTOBELLO, SUPRA. To go beyond these standards not only violates the terms, and protections of DUE PROCESS OF LAW, but also violates the ACTIONS PROTECTED BY THE 8TH AMENDMENT'S - CRUEL AND UNUSUAL PUNISHMENT. To be hereby subjected to these types of behavior by STATE OF MISSOURI EMPLOYEES, violates protected **SAFEGUARDS WHEN** taking a PLEA AGREEMENT - TO PLEAD GUILTY under a ACTION WITHIN A COURT OF LAW; Mr. Burton pleaded guilty to convicted charges upon PLEA, after a PLEA OF NOT GUILTY, establishing elements of PLEA AGREEMENT.

ALL REQUESTED RELIEF

PURSUANT TO: 42 U.S.C. §1983

AND DECLATORY RELIEF IN ACCORDANCE WITH

28 U.S.C. §2201 and §2202

P.L.R.A. - 28 U.S.C. §1915(b)(1)

## CONSTITUTIONAL CLAIMS IN ACCORDANCE WITH 42 U.S.C. §1983:

§1983 : "DOES NOT CONFER SUBSTANTIVE RIGHTS," but rather it the [MECHANISM] to [VINDICATE RIGHTS CONFERRED BY THE CONSTITUTION - OR LAWS - OF THE UNITED STATES]. Wilson v. Spain, 209 F.3d 713, @715 (8TH CIR. 2000). To state a claim under §1983, PLAINTIFF MUST SET FORTH TWO ESSENTIAL ELEMENTS:

1) THE VIOLATION OF THE RIGHT SECURED BY THE CONSTITUTION - OR LAWS- OF THE UNITED STATES; AND

2) THE ALLEGED DEPRIVATION WAS COMMITTED BY: "A PERSON ACTING UNDER COLOR OF STATE LAW. West v. Atkins, 487 U.S. 42 (U.S. SUPREME COURT LAW.

ONE: COMPENSATORY DAMAGES: Actions of Correctional Officer, Bryce E. Hightower, Badge Number: E0147691, KNOWINGLY and INTELLIGENTLY violated RIGHTS SECURED BY THE UNITED STATES CONSTITUTION - 14TH AMENDMENT, whe he DELIBERATELY, THROUGH DECEPTION, COERCED Mr. Burton to hand him a piece of paper, then proceed to FRAUDENTLY write a CDV (CONDUCT VIOLATION) against Mr. Burton for POSITIVE DRUG RESIDUE on piece of paper. Because of DELIBERATE INDIFFERENCE, through known knowledge of HIGHTOWER, to DECIEVE Mr. Burton, inwhich caused PHYSICAL DAMAGE to Mr. Burton's rights that are secured by THE UNITED STATES CONSTITUTION - Correctional Officer Hightower, who acted in INDIVIDUAL CAPACITY to cause PHYSICAL CONSTITUTIONAL DAMAGE to Mr. Burton, TO PAY THE AMOUNT OF COMPENSATORY DAMAGES of: $660,000 because of the CAUSED and DEMONSTRATED [UNCONSTITUTIONAL CONDUCT].

PUNITIVE DAMAGES: ACTIONS of Correctional Officer, Bryce E. Hightower, Badge Number: E0147691, who was MOTIVATED BY EXTREME EVIL INTENT when he took actions that were MALICIOUS, with RECKLESS ABANDONMENT, with intent on DOING HARM to the PLAINTIFF, Mr. Burton, when he KNOWINGLY AND INTELLIGENTLY caused PHYSICAL CONSTITUTIONAL HARM against Mr. Burton, through DECPTION of COERCED ACTION TO HAND THE OFFICER A piece of paper, then take that same piece of paper, that Mr. Hightower[ORDERED MR. BURTON TO: PICK UP AND HAND IT TO HIM. By these actions|| CORRECTIONAL OFFICE HIGHTOWER to pay PUNITIVE DAMAGES of: $660,000 becaused of the RECKLESS INDIFFERENCE of KNOWING that the UNCONSTITUTIONAL ACTIONS woul MORALLY ABUSE Mr. Burton by the extending of his PRISON STAY (LOSS OF LIBERTY).

NOMINAL DAMAGES: ACTIONS of CORRECTIONAL OFFICER, Bryce E. Hightower, Badge Number: E0147691, did in fact, with total reckless abandonment, and with MALICIOUS EVIL INTENT intend to CAUSE SERIOUS HARMFUL EFFECTS, and WRONGFUL DELIBERATE INFLICTIONS of suffering, inwhich actions does violate THE UNITED STATES CONSTITUTION, when he acted with DELIBERATENESS and INDIFFERENCE, to the HARMFUL ACTIONS against Mr. Burtons Rights: TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT and EXCESSIVE PUNISHMENT. Malicious Evil Intent did cause excessive harm and injury to Mr. Burtons Rights to LIBERTY, REHABILITATION, and EQUAL TREATMENT; as all INMATES in the MISSOURI DEPARTMENT OF CORRECTIONS. FOR MALICIOUS EVIL ACTIONS, WITH THE INTENT OF CAUSING HARM and WRONGFUL INFLICTIONS: Mr. Burton hereby as THIS HONORABLE COURT to order award, at the discretion of this HONORABLE COURT, CORRECTIONAL OFFICER HIGHTOWER to pay the sum of: $1 to $25,000 (DEPENDS ON THE VALUE OF INFLICTIONS THAT THE COURTS DEEM AS PROPER).

TWO: COMPENSATORY DAMAGES: ACTIONS of CORRECTIONAL OFFICER – INVESTIGATOR JOHNSON, BADGE NUMBER: UNKNOWN, Knowingly and Intelligently violated RIGHTS SECURED BY THE UNITED STATES CONSTITUTION – 14TH AMENDMENT, when he deliberatley, and FALSELY (THROUGH THE FRAUDULENT ACTIONS OF ANOTHER CORRECTIONAL OFFICER – HIGHTOWER) did establish that a positive DRUG TEST (INWHICH FALSELY TESTED POSITIVE FOR OPIATES AND AMPHETEMINE – INWHICH IS SCIENTIFICALLY IMPOSSIBLE) upon a piece of GARBAGE (PAPER) that was handed to OFFICER HIGHTOWER by INMATE BURTON. Actions of the INVESTIGATOR JOHNSON, with MALICIOUS EVIL INTENT, through the KNOWN KNOWLEDGE OF HIGHTOWER, did cause PHYSICAL DAMAGE to Mr. Burton. INVESTIGATOR JOHNSON did act in INDIVIDUAL CAPACITY, to cause PHYSICAL DAMAGE to Mr. Burton and because of his UNLAWFUL ACTIONS should hereby pay the amount for COMPENSATORY DAMAGES of: $660,000 because of THE CAUSED AND DEMONSTRATED [UNCONSTITUTIONAL CONDUCT].

PUNITIVE DAMAGES: ACTIONS of CORRECTIONAL OFFICER – INVESTIGATOR JOHNSON, BADGE NUMBER: UNKNOWN, who was MOTIVATED BY EXTREME EVIL INTENT when he commenced actions that were MALICIOUS, with RECKLESS ABANDONMENT, with every intent of doing EXTREME UNLAWFUL HARM to the PLAINTIFF, Mr. Burton, when he KNOWINGLY and INTELLIGENTLY caused PHYSICAL UNCONSTITUTIONAL HARM against PLAINTIFF, Mr. Burton, through the FRAUDULENT ACTIONS of establishing that a piece of garbage tested positive for DRUG RESIDUE (OPIATES and AMPHETAMINE (INWHICH IS SCIENTIFFICALLY IMPOSSIBLE): By the ACTIONS of CORRECTIONAL OFFICER – INVESTIGATOR JOHNSON, DEFENDANT is to hereby PAY, by the order of this HONORABLE COURT, the sum of PUNITIVE DAMAGES of: $660,000 because of the RECKLESS INDIFFERENCE, and the KNOWING of his UNCONSTITUTIONAL

ACTIONS to MORALLY ABUSE Mr. Burton – by the EXTENDING of his PRISON STAY in the MISSOURI DEPARTMENT OF CORRECTIONS (LOSS OF LIBERTY).

NOMINAL DAMAGES: ACTIONS of CORRECTIONAL OFFICER – INVESTIGATOR JOHNSON, BADGE NUMBER: UNKNOWN, did in fact, with total reckless abandonment, and with total MALICIOUS EVIL INTENT intend to cause SERIOUS HARMFUL EFFECTS, and wrongful DELIBERATE INFLICTIONS of suffering. Inwhich actions does violate THE UNITED STATES CONSTITUTION, when he acted with DELIBERATENESS and INDIFFERENCE, to the HARMFUL ACTIONS, and total DISREGARD OF Plaintiff's, Mr. Burtons rights: TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT and EXCESSIVE PUNISHMENT. MALICIOUS EVIL INTENT of ACTIONS by INVESTIGATOR JOHNSON, inwhich did cause EXCESSIVE PHYSICAL HARM AND INJURY to PLAINTIFF'S, Mr. Burton's, **RIGHTS TO LIBERTY INTERESTS, RIGHTS TO REHABILITATION (as set forth by THE UNITED STATES SUPREME COURT – SANTOBELLO, SUPRA) and EQUAL TREATMENT** as all INMATES in the MISSOURI DEPARTMENT OF CORRECTIONS. **FOR MALICIOUS EVIL ACTIONS, WITH THE INTENT OF CAUSING HARM AND WRONGFUL INFLICTIONS OF SUFFERING AND HARDSHIPS:** Mr. Burton hereby ASK that this HONORABLE COURT to order award, at the discretion of this HONORABLE COURT, that CORRECTIONAL OFFICER-INVESTIGATOR JOHNSON to pay the sum of: **$1 to $25,000** (DEPENDS ON THE VALUE OF INFLICTIONS THAT THE COURTS DEEM AS PROPER).

---

WHEREFORE, PRO SE PLAINTIFF requests that THIS HONORABLE COURT to grant all of the FOLLOWING RELIEF:

A) ISSUE A DECLATORY JUDGMENT STATING THAT:

1) MALICIOUS EVIL INTENT does constitute that EXCESSIVE PUNISHMENT was inflicted by all defendant's in this CIVIL ACTION;

2) MALICIOUS EVIL INTENT does constitute that CRUEL AND UNUSUAL PUNISHMENT was inflicted by all DEFENDANT'S in this CIVIL ACTION;

3) That PLAINTIFF, Mr. Burton's, DUE PROCESS rights were violated by all DEFENDANT's in this CIVIL ACTION – because of FRAUDULENT CDV;

B) ISSUE AN INJUNCTION ORDER PUSUANT TO 28 U.S.C｜ §2283 and §2284, and RULE 65 of the FEDERAL RULES OF CIVIL PROCEDURE:

1) That all DETRIMENTAL ACTIONS that CDV has caused, LOSS OF PAROLE DATE, LOSS OF ABILITY TO OBTAIN PREMIUM PAY JOB, and any further HARDSHIPS that illegal actions have caused be ORDERED TO CEASE AND DESIST;

2) EXPUNGE ALL DISCIPLINARY ACTIONS, and erase any and all CONVICTIONS described in the PLAINTIFF'S INSTITUTION RECORDS.

## PRAYER FOR RELIEF

NOW COMES KEVIN JAMES BURTON, PRO SE PLAINTIFF/PRISONER and hereby prays that this HONORABLE UNITED STATES DISTRICT COURT to pass judgment's in favor of the PLAINTIFF, THAT NAMED DEFENDANT'S IN THIS MATTER to pay the total sum of: $2,640,000 [JOINTLY OR SEVERALLY against them] and HONORABLE COURT DISCRETIONARY PAYMENT OF: $1 to $25,000, and any further ACTIONS that this Honorable District Court to deem as JUST and PROPER.

PLAINTIFF hereby prays that this HONORABLE DISTRICT COURT to seek the BEST INTEREST OF JUSTICE - allowed by THE UNITED STATES CONSTITUTION, it's LAWS, and POLICIES created by the CONSTITUTION.

Dated: this __23__ day of __April__, 2026.

BY PRO SE PLAINTIFF/PRISONER
RESPECTFULLY SUBMITTED

KEVIN JAMES BURTON
D.O.C. NUMBER: 1323706
MOBERLY CORRECTIONAL CENTER
5201 S. MORLEY STREET
MOBERLY, MISSOURI     65270

IN THE STATE OF MISSOURI )

COUNTY OF RANDOLPH )
) SWORN STATE MENT
)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

PLEASE BE ADVISED that here comes PLAINTIFF, KEVIN BURTON and hereby SWEARS, and ATTEST that the STATEMENT submitted herein is hereby TRUE AND CORRECT to the BEST OF HIS KNOELEDGE AND ABILITIES.

PLAINTIFF SUBMITS that he swears all statements to be true and correct under the penalty of PERJURY.

By Pro Se PLAINTIFF

KEVIN BURTON
D.O.C. NUMBER: 1323706
Moberly Correctional Center
5201 S. Morley Street
Moberly, Missouri    65270