**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN BURTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00603-MTS |
| | ) | |
| C.O. BRYCE HIGHTOWER and | ) | |
| INVESTIGATOR UNKNOWN JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court for review of a *pro se* Complaint filed by Plaintiff Kevin

Burton, a prisoner. For the reasons explained below, the Court will dismiss this action without

prejudice.

\*

Plaintiff is incarcerated at the Moberly Correctional Center ("MCC") in Randolph

County, Missouri. Randolph County is in this judicial district. *See* 28 U.S.C. § 105(a)(2).

Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 against Correctional Officer Bryce

Hightower and Investigator Johnson, identifying them as Missouri Department of Corrections

employees at the Ozark Correctional Center ("OCC"). The OCC is in Webster County,

Missouri, which is in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(5).

Plaintiff claims he received a wrongful conduct violation on January 21, 2025 while

incarcerated at the OCC. He writes: "While at OZARK CORRECTIONAL, an incident

occurred when – Sgt. HIGHTOWER saw me picking up a piece of paper (TRASH) to be

disposed of, then asked me to hand it to him." Doc. [1] at 4 (emphasis in original). Plaintiff

claims that Johnson tested the paper and wrongfully found it was positive for drugs, and Hightower wrongfully gave Plaintiff a conduct violation for possession of a controlled substance.

Plaintiff claims venue is proper in this judicial district because he is incarcerated in the MCC.  But this type of action may only be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  Here, the events giving rise to Plaintiff's claims occurred in the Western District of Missouri, and venue is proper there.  *See Kelly v. Martin*, 78 F.3d 597 (10th Cir. 1996) (table decision) (noting "court may raise sua sponte the issue of venue in the setting of a 1915 case"); *Daker v. Bryson*, 841 F. App'x 115, 124 (11th Cir. 2020) (per curiam) ("A district court may raise an issue of defective venue *sua sponte*.").

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Here, the Court finds it is not in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri.  Plaintiff has not paid the filing fee in this matter nor sought leave to proceed in the case without prepayment of fees.  28 U.S.C. §§ 1914, 1915(a). For this reason, the Clerk of the Court need not have accepted Plaintiff's pleading at

- 3 -

all.  E.D. Mo. L.R. 2.01(B)(1).  Further, there appears to be no statute of limitations issue that would prevent Plaintiff from refiling this action himself in the proper district.  *Cf. In re Complaint of Mike's, Inc.*, 317 F.3d 894, 898 (8th Cir. 2003) (noting "transfer, rather than dismissal, is the usual (and perhaps more appropriate) procedure when a statute of limitations would prevent a claim from being refiled in the appropriate venue").

* * *

For these reasons, the Court will enter an order dismissing Plaintiff's action *without* prejudice, which will allow him to refile this action in the proper district court while also paying the required filing fee or seeking leave to proceed in the case without prepayment of fees.

Dated this 11th day of May 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE